UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MARLON JERMAINE JOHNSON**                                                         **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:20-CV-P149-JHM**

**CHIEF DEPUTY BO THORPE** *et al.*                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Marlon Jermaine Johnson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and upon a motion for leave to amend the complaint.

In the motion to amend (DN 7), Plaintiff seeks to correct the names of three Defendants. Upon review, **IT IS ORDERED** that the motion (DN 7) is **GRANTED**. As such, the **Clerk of Court** is **DIRECTED** to make the following corrections to Defendants' names - "Captain Kyle" should be changed to "Kyle Travis (Officer)"; "Ms. Kim" should be changed to "Kimberly Stevenson"; and "Mrs. Gail" should be changed to "Gail Houchin Basham."

As set forth below, upon initial review of this action pursuant to 28 U.S.C. § 1915A, the Court will dismiss some claims but allow others to proceed.

**I.**

Plaintiff is incarcerated at the Grayson County Detention Center (GCDC). He claims the following GCDC officials violated his rights under the First, Eighth, and Fourteenth Amendments - Chief Deputy Bo Thorpe; Officer Jason VanMeter; Jailer Jason Woosley; Captain Jennifer Johnson; Kyle Travis (Officer); Kevin Logsdon; Officer Jason (SORT Team Manager);

Kimberly Stevenson, librarian; Gail Houchin Basham, notary/library supervisor; and Officer Tristan.  As relief, Plaintiff seeks damages as well as injunctive relief.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. First Amendment Claims

##### 1. Retaliation

###### a. Segregation and Falsified Charges

The Court will first address Plaintiff's allegations that Defendant Thorpe had him placed in segregation on various occasions in retaliation for Plaintiff filing grievances and complaints against GCDC staff members. Plaintiff alleges that on these occasions Defendant Thorpe either never informed Plaintiff why he had been placed in segregation or placed him in segregation based on falsified incident reports. Plaintiff seems to allege that Defendant Travis was also involved in this type of retaliation on one occasion.

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Upon consideration, <u>the Court will allow First Amendment retaliation claims to proceed against Defendants Thorpe and Travis based upon these allegations</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit.

### b. Retaliatory Cell Search

The Court next addresses Plaintiff's allegation that Defendant Johnson conducted a retaliatory search of his cell one week after he asked Defendant Basham to notarize several legal documents containing his complaints against GCDC staff. The Sixth Circuit has held that a single cell search is insufficient to establish the second element of a retaliation claim – an adverse action. *Reynolds-Bey v. Harris-Spicer*, 428 F. App'x 493, 503-504 (6th Cir. 2011); *see also Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) ("[T]he single search of a prison cubicle would not deter a person of 'ordinary firmness' from pursuing constitutional grievances."). Thus, the Court will dismiss Plaintiff's retaliation claim against Defendant Johnson for failure to state a claim a claim upon which relief may be granted.

### 2. Vegan Diet

Plaintiff also alleges that his First Amendment rights were violated when he was served the same breakfast, lunch, and dinner for three days after requesting to be placed on a vegan diet.

The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend I. While "lawful

4

incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 U.S. App. LEXIS 19963, at *5 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

In a separate filing, Plaintiff indicates that eats a vegan diet because he is a Rastafarian. Accepting as true that Plaintiff eats a vegan diet due to a sincerely held religious belief, the Court must next consider "whether the challenged practice of the prison officials infringes on the religious belief . . . ." *Kent*, 821 F.2d at 1224-25. A practice will not be considered to infringe on a prisoner's free exercise unless it "places[s] a substantial burden on the observation of a central religious belief or practice . . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id*. at 736. "'[A] "substantial burden" must place more than an inconvenience on religious exercise.'" *Id*. at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult . . . ." *Id*.

5

Here, Plaintiff does not argue that the vegan diet provided to him required him to eat anything that violated his religious beliefs. Rather, his claim is essentially that his rights were violated because he was not served a diverse vegan diet. The Court finds that this allegation is insufficient to show that Plaintiff's First Amendments right was violated. As the Sixth Circuit held in *Robinson v. Jackson*:

> Prisoners have a constitutional right to meals that meet their nutritional needs; indeed they have a constitutional right to be served meals that do not violate their sincerely-held religious beliefs. *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). But there is no constitutional right for each prisoner to be served the specific foods he desires . . . . *See Spies v. Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.").

615 F. App'x 310, 313-14 (6th Cir. 2015) (rejecting claim that providing a vegan Halal diet to a Muslim inmate who may eat dairy, meat, and fish constitutes a substantial burden on Muslim beliefs); *see also Blair v. Raemisch*, No. 17-cv-00830-CMA-KMT, 2018 U.S. Dist. LEXIS 150983, at *8 (D.C. Colo. Sept. 5, 2018) (finding prisoner's allegations that the vegan diet offered to him lacked variety and quality did not establish that a substantial burden had been placed on his religious practices).

Thus, because Plaintiff does not allege that the vegan diet he was served failed to meet his nutritional needs or otherwise violated his sincerely-held religious beliefs, the Court finds that he has failed to state a claim under the Free Exercise Clause of the First Amendment.

### 3. Access to the Courts

Plaintiff makes several allegations which are related to his right to access the courts. It is well established that prisoners have a constitutional right of access to the courts that includes access to legal resources and materials. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds*, the Supreme Court held that in addition to providing access to law libraries or alternative sources

of legal knowledge, prisons must also provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. However, this right is not without limit, and to state a claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

### a. Denial of Access to Law Library

Plaintiff alleges that Defendant Thorpe permanently banned him from the GCDC law library after Plaintiff assaulted another inmate there. Because Plaintiff alleges no actual legal injury resulting from this ban, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### b. Denial of Access to Legal Materials

Plaintiff also alleges that Defendant Stevenson, at the direction of Defendant Thorpe, denied Plaintiff access to legal materials which he needed to review before he met with his attorney on one occasion. Because Plaintiff alleges no actual legal injury resulting from this incident, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

### c. Refusal to Notarize Legal Documents

Plaintiff next alleges that Defendant Basham, the jail notary, at the direction of Defendant Thorpe, refused to notarize any documents related to Plaintiff's complaints against GCDC staff. Plaintiff alleges that this denial "was a hindrance to my legal document's being submitted to the court in a timely manner." The Court finds that this statement is too vague to establish that Plaintiff was actually injured in some way by Defendants' actions. Thus, the Court will also dismiss Plaintiff's notarization claims against Defendants Basham and Thorpe for failure to state a claim upon which relief may be granted.

## B. Eighth/Fourteenth Amendment Claims

### 1. Procedural Due Process Claims

Plaintiff alleges that Defendant Thorpe placed him in segregation on various occasions, and most recently placed him in segregation "indefinitely" without informing Plaintiff what misconduct he had been charged with committing. <u>The Court construes these allegations as asserting procedural due process claims against Defendant Thorpe under the Fourteenth Amendment. Upon consideration, the Court will allow these claims to proceed</u>. In so doing, the Court the Court passes no judgment upon their merit.

8

### 2. Excessive Force Claims

Plaintiff alleges that Defendant "Jason," the SORT Team Manager, and Defendant Logsdon violated his rights when they "aggressively escorted" him to the segregation unit "with a taser gun pointed at him."

While the Eighth Amendment provides a convicted prisoner the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). However, in *Kingsley v. Hendrickson*, the Supreme Court held that the Fourteenth Amendment's objective reasonableness test, rather than the Eighth Amendment's deliberate indifference standard, applies to a pretrial detainee's claims concerning the use of excessive force. 576 U.S. 389 (2015). Thus, the relevant inquiry into an excessive-force claim brought by a pretrial detainee is whether the force purposely or knowingly used against the prisoner was objectively unreasonable. *Id.* at 396-97; *see also Coley v. Lucas Cty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*). This inquiry is "highly fact-dependent" and must consider the government's "legitimate interests" managing correctional facilities in pursuing "to preserve internal order and discipline and to maintain institutional security." *Coley*, 799 F.3d at 538 (quoting *Kingsley*, 576 U.S. at 397). The Supreme Court has stated that some of the specific factors a court should consider in determining whether an unreasonable amount of force was used are:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to

> limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 US. at 397.

When analyzed under this standard, the Court finds that Plaintiff's allegation that he was aggressively escorted to segregation with a taser gun pointed at him fails to state a claim of constitutional dimensions. Thus, the Court will dismiss Plaintiff's excessive-force claims against Defendants Jason and Logsdon for failure to state a claim upon which relief may be granted.

### 3. Conditions of Confinement

Plaintiff also makes allegations related to his conditions of confinement at GCDC. For example, he alleges that on one occasion he was placed in segregation and did not receive any sheets or bed linens for his mat for ten hours. Plaintiff also alleges that while in segregation he cannot order food from the commissary and is only offered the opportunity for recreation and showering at night.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous nor may it contravene society's evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover,

"[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Neither the Sixth Circuit nor the Supreme Court has clearly indicated whether the deliberate-indifference standard of the Eighth Amendment (requiring both objective and subjective components), which traditionally has been applied pretrial detainees' conditions-of-confinement claims, is affected by the holding in *Kingsley*. *See Martin v. Warren Cty.*, No. 19-5132, 799 F. App'x 329 (6th Cir. 2020) (declining to address the question). However, the Sixth Circuit has, in certain unpublished decisions, continued to apply the deliberate-indifference standard without considering *Kingsley*. *See McCain v. St. Clair Cty.*, 750 F. App'x 399, 403 (6th Cir. 2018); *Medley v. Shelby Cty. Ky.*, 742 F. App'x 958, 961 (6th Cir. 2018).

Here, the Court finds that any differences between Fourteenth Amendment protection for pretrial detainees and Eighth Amendment protection for convicted inmates with regard to the subjective element is immaterial because Plaintiff's allegations regarding his conditions of

11

confinement while in segregation do not satisfy the objective requirements of such a claim. Indeed, none of Plaintiff's allegations evidence a deprivation of the minimal civilized measure of life's necessities; they are more in the nature of inconveniences.

Thus, the Court will dismiss Plaintiff's conditions-of-confinement claim for failure to state a claim upon which relief may be granted.

### C. Other Constitutional Claims

#### 1. The Grievance Process

The Court next turns to Plaintiff's allegations that certain Defendants violated his rights based upon their role in the grievance process. Plaintiff seems to allege that Defendants VanMeter and Woosley violated his rights by "answering" certain grievances he filed and that that Defendant Thorpe violated his rights by repeatedly "obstructing" the grievance process.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act" by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (Defendants "cannot be subject to § 1983 liability simply because they have

12

denied [plaintiff's] administrative grievances or failed to act based upon information contained in his grievances.").

In light of this jurisprudence, the Court concludes that Plaintiff has failed to state claim against Defendants Thorpe, VanMeter, or Woosley based upon their involvement in the grievance process and that the claims must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Tristan

The only allegation Plaintiff makes against Defendant Tristan is that he wrote the disciplinary report that Plaintiff received for expressing "verbal outrage" at an individual who left the tray slot to his cell open while he was sitting on the toilet. The Court can discern no constitutional violation based upon this allegation. Thus, the Court will dismiss Plaintiff's claim against Defendant Tristan for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims based upon a retaliatory cell search; his vegan diet; his ban from the legal library; the denial of access to certain legal materials; the denial of a notary; the use of excessive force; his conditions of confinement while in segregation; and interference with the grievance process are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Since no claims remain against them, the **Clerk of Court** is **DIRECTED to terminate Defendants VanMeter, Woosley, Johnson, Logsdon, Jason, Stevenson, Basham, and Tristan as parties to this action.**

Upon review, the Court has allowed First Amendment retaliation claims against Defendants Thorpe and Travis and a Fourteenth Amendment procedural due process claim against Defendant Thorpe to proceed. The Court will enter a separate Service and Scheduling Order to govern the development of these claims.

Date: January 20, 2021

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
Defendants
Grayson County Attorney
4414.011

14